**SNYDER, Plaintiff-Appellant, v. ISALY DAIRY COMPANY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3939.   Decided October 25, 1957.

Norman A. Rheuban, Youngstown, for plaintiff-appellant.
Carlyle & Carlyle, Youngstown, for defendant-appellee.

## OPINION

Per CURIAM.

The trial judge sustained defendant's motion for a verdict to be directed in its favor made at the close of plaintiff's case in her action to recover damages against defendant, a corporation engaged in the processing, manufacture and sale of dairy products, for injuries allegedly sustained as the result of "eating an adulterated ice cream cone purchased from the defendant" in Girard, Ohio.

Plaintiff bottoms her right to a new trial upon error of the trial judge to her prejudice in sustaining defendant's objections to plaintiff's testimony, in overruling plaintiff's objections to defendant's questions, and in sustaining defendant's motion for a directed verdict at the close of plaintiff's case and entering judgment accordingly, and by reason of such alleged errors she claims the judgment of the trial court is contrary to law.

Plaintiff bases her claim of being served adulterated ice cream upon leakage of ammonia gas in the ice cream hardening room of defendant's ice cream manufacturing plant, which she claims contaminated the ice cream sold to her.  Such leakage was conceded by defendant, and as a result of such leakage defendant's supervisor warned the management of its Girard Store to check ice cream received at that store.

The manager of defendant's Girard store testified concerning the warning by defendant's supervisor as follows:—

"A. I had received either from the plant or from my supervisor, it has been quite a long time ago, they had had a little trouble in the plant with an ammonic leakage on that particular day. My attention was, he called me at the house, and I went down and checked the ice cream and to my knowledge there was nothing wrong with what we had gotten from the plant.

"* * *

"Q. Now, Mr. Miller, you stated you were not working the following day, the day Mrs. Snyder's complaint was made?

"A. That is right, when the supervisor called me and I went back down to the store and the order came in to check the ice cream."

There is evidence that the Girard store was notified of the ammonic leak prior to the sale of the ice cream cone to plaintiff and the sale of ice cream cones to some seventy other customers none of whom had complained of becoming ill as the result of eating the ice cream. There is no evidence that the Girard store warned plaintiff of such leak or possible contamination of the ice cream served to her in a cone.

There is no direct evidence that the ice cream sold to plaintiff was in the hardening room of defendant's ice cream manufacturing plant at the time of leakage of ammonic gas, or was or could have been contaminated by the leakage; nor that the warning was anything more than a precautionary routine warning to the manager of its Girard store issued by defendant company **under such circumstances.**

There is evidence that upon starting to eat some of the ice cream plaintiff detected a taste and smell which plaintiff described as "like after a fire cracker blew," and that her husband tasted the ice cream cone and threw it away, although he ate his own ice cream cone which came from the same can as that served to plaintiff, and that he did not have any ill effect. Plaintiff became ill within an hour after eating the ice cream, and was hospitalized for eleven days suffering from what her physician diagnosed as "acute gastro-enteritis," of which her physician "couldn't give exactly the etiology."

We concur in the statement of counsel for plaintiff by brief that:—

"The sole issue presented is whether plaintiff's evidence presented a question for determination by the jury, giving it the most favorable construction to the plaintiff. If reasonable minds could arrive at different conclusions on the issues involved in this case, they must be determined by the jury."

In the fourth paragraph of the syllabus in the case of **Hamden Lodge No. 517, Independent Order of Odd Fellows, et al, v. The Ohio Fuel Gas Company, 127 Oh St 469,** it is said:—

"Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

Sec. 3715.21 R. C., provides:—

"No person shall sell, offer for sale, or have in his possession with intent to sell, diseased, corrupted, adulterated, or unwholesome provisions without making the condition thereof known to the buyer."

Plaintiff relies upon the case of **The Great Atlantic & Pacific Tea Co. v. Hughes, 131 Oh St 501,** to secure a reversal of the judgment of the trial court. The third paragraph in the case reads as follows:—

"A charge of the sale of food in violation of the statute may be sufficiently shown to require submission of the question for the determination of the jury, though there be no proof of its unwholesomeness by chemical or bacteriological analysis or examination."

Under the facts adduced in this case there was evidence from which reasonable minds could arrive at different conclusions as to whether the ice cream furnished by defendant to plaintiff was unwholesome and produced the results which plaintiff claims.

The judgment of the court of common pleas is reversed and the cause is remanded to the court of common pleas for further proceedings.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.